UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BOURLAYE TOURE,

                Plaintiff,

-against-

W. CONNOLLY, et al.

                Defendants.

15-CV-07444 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff, Bourlaye Toure ("Plaintiff"), filed the complaint in this action on September 21, 2015. In his complaint, Plaintiff identified approximately four John Doe defendants. By decision dated October 29, 2015, the Court issued a *Valentin Order* directing the NYS Attorney General's Office and NYS DOCS to provide Plaintiff with sufficient information to help identify the "John Doe" defendants. By letter dated October 23, 2015, Plaintiff sought to withdraw the instant action on the basis the claims asserted were premature under *Heck v. Humphrey*, 512 U.S. 477 (1997). By order dated, November 16, 2015, this Court denied Plaintiff's application but granted him leave to file an amended complaint on or before January 4, 2016.

    By letters dated, January 4 and 8, 2016, Plaintiff sought an extension of time to file his amended complaint. By letter dated January 7, 2016, Plaintiff asserted his intention to prosecute this action "from the Ivory Coast" and provided a change of address (requesting all future correspondence be sent to Tailored International Solutions). By order dated, September 8, 2016, this Court once again reminded the NYS Attorney General's Office and NYS DOCS of their obligation to comply with the Court's *Valentin Order*. By letter dated October 7, 2016, the NYS Attorney General's Office notified Plaintiff and the Court of the alleged identities of John Does

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/9/2017

No. 1 and 4. The letter also requested Plaintiff provided additional information (or facts) to assist in identifying John Does No. 2 and 3.

By letter dated February 14, 2017, Defendants sought leave of court to file a motion to dismiss pursuant to Fed.R.Civ.P. 41(b) for want of prosecution. By letter endorsement dated February 15, 2017, Defendants were directed to serve their motion on or before March 20, 2017. Despite service of said motion, Plaintiff has yet to oppose the motion.

Under Rule 41(b) of the Fed.R.Civ.P., "a district judge may…dismiss a complaint for want of prosecution." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966). *See West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute). Here, Plaintiff has taken no action to advance the litigation of this matter for more than six months and has not opposed the motion. Accordingly, Defendants' motion is granted without opposition, the Clerk of the Court is requested to terminate the motion (doc. 25) and the matter is deemed dismissed, without prejudice, for want of prosecution.

Dated: May 9, 2017
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge